**HYDE & SWIGART, APC**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (306499)
yana@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022

*Attorneys for Plaintiff,*
Jake Tiffany

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAKE TIFFANY,** Individually and On Behalf of All Others Similarly Situated**,**<br><br>Plaintiff,<br><br>v.<br><br>**AVENUE 81 D/B/A LEADPAGES.,** a Delaware Corporation,<br><br>Defendant. | Case No.:  **'18CV0732 MMA JMA**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**[JURY TRIAL DEMANDED]** |

### INTRODUCTION

1. Plaintiff Jake Tiffany ("Plaintiff") brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Avenue 81 d/b/a Leadpages (hereinafter "Defendant") in negligently contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy.  Plaintiff

alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The TCPA was designed to prevent calls and text messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA."

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12;

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13.

5. Further, the FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009) (The FCC has determined that a text message falls within the meaning of "to make any call" in 47 U.S.C. § 227(b)(1)(A)); *Toney v. Quality Res., Inc.*, 75 F. Supp. 3d 727, 734 (N.D. Ill. 2014)

(Defendant bears the burden of showing that it obtained Plaintiff's prior express consent before sending her the text message).

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises out of violation of federal law 47 U.S.C. § 227(b).

7. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the City of San Diego, County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant:

   (a) is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district;

   (b) does substantial business within this district;

   (c) is subject to personal jurisdiction in this district because it has availed itself of the laws and markets within this district; and,

   (d) the harm to Plaintiff occurred within this district.

## PARTIES

8. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the City of San Diego, County of San Diego, State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

9. Defendant is, and at all times mentioned herein was, a Delaware corporation with a principal place of business in Minnesota, and is a "person," as defined by 47 U.S.C. § 153(39). Plaintiff alleges that at all times relevant herein

Defendant conducted business in the State of California and in the County of San Diego, and within this judicial district, placing unlawful calls to potential clients via an automatic dialing system.

## FACTUAL ALLEGATIONS

10. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

11. Defendant is a marketing company that generates a marketing campaign and marketing leads for a variety of companies.

12. It provides a number of marketing tools for businesses to market their products and services.

13. At no point did Plaintiff solicit Defendant's services, nor did Plaintiff have any relationship with Defendant.

14. Defendant began placing autodialed marketing text messages to Plaintiff's cellular telephone number ending in 1296 via an automatic dialing system as defined in 47 U.S.C. § 227(a)(1).

15. The marketing messages, impersonal in nature, advertised for other companies and provided a link to Defendant's based website.

16. On March 27, 2017, Plaintiff received text message from Defendant at phone number (678) 208-9081. The message read, "27600- CALIFORNIA Real Estate Agent Asset Assignment Order Ref #1032765- New Listings Invitation SPRING 2017- FAST REGISTER:"

17. When Plaintiff followed the link attached in the message, and was directed to Defendant's based website containing a number of advertisements:



18. Plaintiff had no relations with Defendant prior to receiving text message.

19. Sometime later, on or about September 20, 2017, Plaintiff received another unsolicited impersonal text message sent from Defendant's autodialer with a phone number (678) 208-9081. The message read, "27600- UBER crushed the Taxi Industry And EXPEDIA massacred Travel Agents.. Will ZILLOW do the same to US Real Estate Agents?:"

20. On or about December 17, 2017, at about 8:24 am, Plaintiff received another unsolicited impersonal text message sent from Defendant's autodialer with a phone number (678) 208-9081. The message read, "27600- Zillow + Trulia + Redfin To Become SAN DIEGO Real Estate Brokerages In 2018? AGENTS FIGHT BACK – CLICK HERE: [link follows]."

21. Defendant initiated multiple telephonic communications to Plaintiff's cellular telephone ending in "1296". Plaintiff found these communications excessive, inconvenient, harassing, placed in complete disregard of

Plaintiff's privacy and request to cease all of the autodialed communications with Plaintiff.

22. These telephonic text messages constituted telephone solicitations, as defined by 47 U.S.C. § 227(a)(4).

23. Defendant's calls and text messages constituted "calls" that was not for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A)(i).

24. Defendant's text messages were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

25. Defendant did not have prior express consent nor written consent to send text messages to Plaintiff, as defined by 47 U.S.C. § 227(a)(4).

26. Plaintiff believes that Defendant used an "automatic telephone dialing system" (or "ATDS"), as defined by 47 U.S.C. § 227(a)(1) to repeatedly send automated text messages and phone calls to Plaintiff's cellular telephone number.

27. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

28. These telephone communications by Defendant, or its agent, violated 47 U.S.C. § 227(b)(1).

29. Through this action, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

30. Plaintiff was personally affected because Plaintiff was frustrated and distressed that Defendant harassed Plaintiff with text messages using an ATDS.

31. Defendant's autodialed text messages forced Plaintiff and class members to live without the utility of their cellular phones by forcing Plaintiff and class members to silence their cellular phones and/or block incoming numbers.

32. Through the aforementioned conduct, Defendant has violated 47 U.S.C. § 227 et seq.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

34. Plaintiff represents, and is a member of the Class, consisting of:

> All persons within the United States who received any text messages from Defendant or their agent(s) and/or employee(s), not sent for emergency purposes, to said person's cellular telephone made through the use of any automatic telephone dialing system and/or with an artificial or prerecorded message within the four years prior to the filing of this Complaint.

35. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

36. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an ATDS, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

37. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the

right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

38. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

39. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a) Whether, within the four years prior to the filing of this Complaint, Defendant or its agents initiated any telephonic text messages to the Class (other than a message made for emergency purposes or made with the prior written consent of the called party) to a Class member using any automatic dialing to any telephone number assigned to a cellular phone service;

   b) Whether Defendant can meet its burden of showing it obtained prior express consent (i.e., consent that is clearly and unmistakably stated);

   c) Whether Defendant's conduct was knowing and/or willful;

   d) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

   e) Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

40. As a person that received at least one telephonic communication from Defendant's ATDS without prior written express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and

adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

41. Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

42. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

43. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

44. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

47. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

48. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

51. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

52. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class Members pray for judgment as follows:

- Certifying The Class as requested herein;
- Appointing Plaintiff's Counsel as Class Counsel in this matter;
- Providing such further relief as may be just and proper.

In addition, Plaintiff and The Class Members pray for further judgment as follows:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks, for himself, and each Class member, $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING/WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks, for himself, and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

///
///

## TRIAL BY JURY

53. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: April 16, 2018

Respectfully submitted,

**HYDE & SWIGART, APC**

By: *Yana Hart*
YANA A. HART, ESQ.
ATTORNEYS FOR PLAINTIFF

ADDITIONAL COUNSEL FOR PLAINTIFF:
**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523